### NEAL TUCKER v. THE STATE.

#### No. 5241. Decided December 4, 1918.

**Forgery—Indictment—Presumption—Practice on Appeal.**

In the absence of a statement of facts it must be presumed that the proof showed the forgery as alleged in the indictment, and that the original instrument could not be obtained by the grand jury because it was in defendant's possession.

Appeal from the District Court of Red River. Tried below before the Hon. Ben H. Denton.

Appeal from a conviction of forgery; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, JUDGE.—This is an appeal from a conviction for forgery. There is no statement of facts and no bill of exceptions.

The following is a copy of the alleged forged check:

"Clarksville, Texas
"FIRST NATIONAL BANK OF CLARKSVILLE, TEXAS .
Pay to Gatts $10.40
Ten & 40/100                                        Dollars
                                        W. H. Miller"

The indictment, after the necessary allegations of forgery, alleged that said false instrument was in possession of appellant and the grand jury was unable to obtain it and could not set it out by its tenor.

Appellant made a motion to quash the indictment for the reason that the alleged forged check does not give the name of the payee, only gives the name "Gatts" but does not give the initials, and claimed that because thereof the check was void on its face and created no pecuniary obligation sufficient, if true, to constitute forgery.

We must presume, and do, in the absence of a statement of facts, that

the proof showed the forgery as alleged and that the original instrument was in appellant's possession, and that the State was unable to obtain it and for that reason could not further set it out. The court did not err in overruling his motion to quash.

There is nothing else to review. The judgment is affirmed.

*Affirmed.*